The plaintiffs appeal from an order (i) denying their motion to enforce a 2008 consent judgment and (ii) granting the town of Wayland's (town) cross motion for clarification of a 2016 order modifying the 2008 consent judgment. They appeal also from an order denying their motion for reconsideration, and an order denying their motion for attorney's fees incurred in enforcing the 2008 consent judgment and defending against the town's efforts to be relieved of its obligations under it. For the reasons that follow, we reverse in part and affirm in part.
Background. On February 6, 2008, the plaintiffs filed a complaint pursuant to G. L. c. 40A, § 17, appealing from a special permit granted by the planning board of Wayland to Twenty Wayland, LLC for a mixed-use development in Wayland's town center (town center project). The plaintiffs claimed the permit failed to include mitigation measures for traffic impacts on Glezen Lane, where the plaintiffs reside. Glezen Lane runs east-west between Routes 27 and 126, intersecting Route 27 north of the access drive to the town center project. In July of 2008, the parties came to agreement and a consent judgment entered pursuant to an agreement for judgment, incorporating a detailed traffic monitoring and mitigation plan whereby an increase in the measured traffic volume on Glezen Lane would result in "triggering" specific mitigation measures including a reduced speed limit, truck restrictions, improvements to the intersection of Routes 27 and 126, speed tables, signage requirements, turning restrictions, and police patrols.[5] For some eight years, the parties proceeded under the consent judgment. As monitoring revealed triggering amounts of traffic, mitigation measures were gradually introduced pursuant to the consent judgment. All of the measures contained in §§ I.(F)(1-8) of the consent judgment, entitled "initial traffic mitigation measures," were implemented. They included signed turning restrictions on certain hours of the weekend, speed tables, and police patrols four times per month to target speed enforcement and turn restrictions, among other measures.
Thereafter, measured traffic volumes triggered the traffic mitigation measures contained in §§ I.(G)(1-4). Sections I.(G)(1) and I.(G)(3) required additional speed tables, and § I.(G)(2) required turning restrictions on weekdays and extended turning restrictions on weekends. Finally, § I.(G)(4) required physical alterations restricting access to the Glezen Lane and Route 27 intersection and signage prohibiting at all times left turns from Glezen Lane westbound onto Route 27 southbound and right turns from Route 27 northbound onto Glezen Lane eastbound.
On August 27, 2014, the plaintiffs gave the town notice that the mitigation measures enumerated in §§ I.(G)(1-4) had been triggered. The town sought and was granted temporary relief from judgment to allow it to remove all sign restrictions for a period of sixty days in order to perform a traffic study to determine the volume of traffic generated by the project and to complete the physical changes required by § I.(G)(4). The plaintiffs' motion for reconsideration or stay was denied.
Next, the town sought to be relieved of the consent judgment in its entirety by bringing a motion to dismiss the amended complaint pursuant to Mass. R. Civ. P. 12 (b)(1), 365 Mass. 754 (1974), arguing that the plaintiffs never had standing to appeal from the original special permit. In a separate motion pursuant to Mass. R. Civ. P. 60 (b)(6), 365 Mass. 828 (1974), the town sought temporary relief from judgment pending the judge's decision on its rule 12(b)(1) motion and permanent relief from judgment should the 12(b)(1) motion be denied, arguing that the project did not result in any increased traffic over Glezen Lane, the town parties lacked a legal basis to enter into the agreement, and the permanent turn restrictions raised public safety concerns related to emergency event response times. A judge of the Superior Court rejected the town's challenge to the plaintiffs' standing, which was made after judgment had entered in the underlying zoning action, but allowed an evidentiary hearing on the town's claims that public safety warranted relief and, specifically, to consider "whether to grant the [t]own's [m]otion for [r]elief from [j]udgment as to [§] I.(G)(4) of the [c]onsent [j]udgment ONLY." Following the evidentiary hearing, the judge found that the proposed physical changes to the Glezen Lane intersections would create significant safety risks and those safety risks constitute "exceptional circumstances" warranting relief. The judge allowed relief from judgment "as to [§] I.(G)(4)."
The plaintiffs assert in their submittals that they did not appeal from the order allowing relief from judgment for a number of reasons, including their belief that the requirements of §§ I.(F)(1-8) and I.(G)(1-3) remained in place.[6]
The plaintiffs subsequently filed a motion to enforce the other provisions of the consent judgment, i.e., the traffic mitigation measures contained in the consent judgment except those set forth in § I.(G)(4). Specifically, the plaintiffs sought to enforce partial weekday and weekend turn prohibitions and police enforcement measures. The town filed a cross motion for "clarification," claiming the turning restrictions contained in §§ I.(F)(7) and I.(G)(2) were eliminated along with the permanent restrictions contained in § I.(G)(4). The judge denied the plaintiffs' motion, concluding that it made no sense to enforce "temporary" prohibitions when permanent turn prohibitions were deemed unsafe by the judge.[7] The judge allowed the town's motion for clarification and granted relief from §§ I.(F)(7), I.(G)(2), I.(G)(4), and I.(F)(8). The judge denied the plaintiffs' motion for reconsideration or to reopen the evidentiary hearing.[8]
Before us are the plaintiffs' appeal of (1) the denial of their motion to enforce the judgment and the grant of the town's motion to clarify, (2) the denial of the plaintiffs' motion for reconsideration, and (3) the denial of the plaintiffs' motion for attorney's fees incurred in enforcing and defending the consent judgment against the town's efforts to undo it.
Discussion. 1. Motion to enforce and motion to clarify. In deciding whether to grant an evidentiary hearing on the town's motion for relief from judgment, the judge noted that the equities of the parties' respective positions must be considered. Specifically, the judge found that "[a]s a result of the [t]own's willingness to enter into the [c]onsent [j]udgment, plaintiffs ended their opposition to the permitting of the new development. Both the parties operated for years under the agreed upon terms. Not until eight years later, after the [t]own had fully received the benefit of its bargain, i.e. a fully redeveloped town center property, did the [t]own seek relief from judgment." Indeed, "[a]ltering the material terms of such an agreement at the behest of one party, without the consent of the other, does violence to the second party's expectations and to the very concept of judgment by consent." Thibbitts v. Crowley, 405 Mass. 222, 227 (1989). Thus, the burden on a party to modify a consent judgment entered against it is perhaps "more formidable" than "had [the party] litigated and lost." Id. "A court is powerless to enlarge or contract the dimensions of a true consent decree except upon (i) the parties' further agreement or (ii) litigation of newly-emergent issues." Id., quoting Pearson v. Fair, 808 F.2d 163, 166 (1st Cir. 1986). "Thus, it is error to 'dispose [ ] of the merits of the controversy without affording the litigants an opportunity to present evidence ...." Thibbitts, supra, quoting Pearson, supra.
Here, the town persuaded the judge that it should be allowed to litigate the safety concerns of the requirements of § I.(G)(4) of the consent judgment. The decision to grant the town an evidentiary hearing is not before us. The judge expressly limited the hearing, however, to § I.(G)(4). The town did not suggest then or during the evidentiary hearing that the provisions of §§ I.(F)(7) and I.(G)(2) were duplicative and were also at issue.[9] Indeed, the judge's opening remarks indicate only "[s]afety as related to the permanent turn restrictions which consist of the signs and the physical changes to Old Sudbury Road-Glezen Lane intersection" were before the court and her memorandum and order and judgment explicitly grants relief only as to that section.
While we agree that some of the turning restrictions in other provisions raise the same or similar safety concerns that the permanent restrictions raise, the town's and the judge's complete absence of attention to them could reasonably be interpreted as acquiescence to turning restrictions that are limited in duration on the weekends and weekdays. This is especially true where the burden on a party seeking relief from a consent judgment is so onerous and where the town presumably was aware of its duties under the consent judgment to "act in good faith to achieve the terms and objectives of" the judgment and defend against claims that any portion of it is unenforceable.[10] Requiring a party seeking relief from a consent judgment that entered some eight years prior, the provisions of which had already been implemented without apparent injury, and which is precise as to the relief sought, is consistent with the formidable burden a party seeking relief from a consent judgment bears.
Because the plaintiffs were not put on notice that any section other than the provisions of § I.(G)(4) was before the court, the case must be remanded to reopen the evidentiary hearing as to the town's request for relief as to §§ I.(F)(7) & (8) and I.(G)(2) of the consent judgment. It may well be that the town has no further evidence to present as to those sections, but the plaintiffs must have the opportunity to litigate those issues and to appeal from any relief granted as a result of the reopened hearing.[11]
2. Attorney's fees. The plaintiffs sought to recover their attorney's fees for defending the consent judgment and pursuing enforcement of it under the attorney's fees provision in the 2008 consent judgment.[12]
We have some sympathy for the plaintiffs who have had to resort to the courts to enforce the town's obligations under the consent judgment and defend the consent judgment from numerous efforts by the town to avoid its obligations under it. We agree with the judge, however, that the agreement was written to provide for the recovery of attorney's fees and costs if the judge finds that a party breached the judgment without a reasonable basis for believing its actions would not constitute a breach. Having sought the court's authority for each of the actions taken by the town, we agree with the judge that the provisions of the consent judgment simply were not triggered by the proceedings at issue here.
The order denying the plaintiffs' motion for attorney's fees is affirmed. The order granting relief from §§ I. (F)(7), I.(F)(8), and I.(G)(2) is vacated. The award of attorney's fees to the town for defending the plaintiffs' motion for reconsideration is vacated, and the matter is remanded for further proceedings consistent with this memorandum and order.

As part of the agreement, the plaintiffs amended their complaint to add the town's board of selectmen and the town's board of road commissioners.

They did file a motion for their attorney's fees incurred in defending the consent judgment from the town's motion to dismiss and the town's motions for temporary and permanent relief from the judgment. They argued that the consent judgment provides that a party who prevails or substantially prevails in any action for breach of the consent judgment is entitled to recover from the other party their reasonable attorney's fees, interest, and expert fees and costs if the court finds that the nonprevailing party breached the judgment without reasonable basis for believing its actions or inactions would not constitute a breach. Their motion was denied, as was their motion for reconsideration.

The judge adopted the town's characterization of the turn restrictions in §§ I.(F)(7), I.(F)(8), and I.(G)(2) as being "temporary," but they are not designated as such in the consent judgment. Rather, these turn restrictions are considered partial, i.e., limited to certain times and days, while the turn restriction in § I.(G)(4) is considered complete, i.e., twenty-four hours a day, seven days a week, year-round.

The town moved for attorney's fees and costs associated with its opposition to the plaintiffs' motion for reconsideration on the basis that the motion was frivolous; the judge allowed the motion.

There was a brief discussion of § I.(F)(8) where the town characterized the required police patrols as covering the turn prohibitions only, ignoring that the patrols were also, by the terms of the consent judgment, to monitor speed on Glezen Lane.

The consent judgment provides that "[i]n the event any person or entity challenges or asserts a claim challenging the enforceability of this [j]udgment or seeking to prevent Wayland's performance under this [j]udgment, the [p]arties shall defend against any such challenge or claim. In addition, if any provision of this [j]udgment is declared or determined to be unenforceable, Wayland shall take all steps necessary to address the basis for such declaration or determination, to ratify or otherwise render such terms enforceable and to otherwise secure performance of Wayland's obligations set forth in this [j]udgment."

It follows that the plaintiffs' motion for reconsideration was not frivolous; we therefore vacate the order awarding the town attorney's fees.

It provides that "[i]n the event [p]laintiffs or any of them assert that Wayland has failed to comply with or has breached any provision of this [j]udgment, and such alleged failure or breach continues for [forty-five] days after written notice thereof from the [p]laintiffs or any one of them to Wayland, the [p]laintiffs or any of them may institute such actions or proceedings as he/she/they deem appropriate to enforce this [j]udgment and to compel specific performance. The [p]laintiffs recognize that a de minimis breach of the specific terms of this [j]udgment shall not subject Wayland to contempt or other sanctions for violation.
In any action for breach of this [j]udgment, the party who prevails or substantially prevails shall be entitled to recover from the other party(ies) their reasonable attorneys['] fees, interest, expert fees and costs, in addition to any other legal and equitable relief to which they are entitled, provided the [c]ourt finds that the non-prevailing party breached the [j]udgment without a reasonable basis for believing that its actions or inactions would not constitute a breach."